UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY SMITH,

v.   Case No. 8:07-cr-176-T-17MAP
     8:10-cv-190-T-17MAP

UNITED STATES OF AMERICA.
_____

O R D E R

This cause if before the Court on Anthony Smith's 28 U.S.C. § 2255. Smith is proceeding on his fourth amended motion to vacate (hereinafter "motion" or "motion to vacate)." (Doc. CV-28). A review of the record demonstrates that, for the following reason, the motion to vacate must be **denied.**

**INTRODUCTION**

Smith attacks the legality of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), claiming that he is "actually innocent" of the 18 U.S.C. § 924(e) enhancement because two of his predicate prior convictions for escape no longer qualify as "violent felonies" under the statute; that his lawyer was ineffective for failing to argue "actual innocense" to the sentencing court; that his Fifth and Eighth Amendment rights were violated because his sentence constituted a statutory error and was excessive; and that the government failed to show that one of the burglaries used to qualify him under the ACCA was committed on a different occasion than what was in the charging instrument (Doc.CR-18).

**PROCEDURAL HISTORY**

In 2007, Smith was charged in a five count Indictment with being a convicted Felon

in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One); Possession with Intent to Distribute and Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) (Counts Two through Four); and Possession with Intent to Distribute and Distribution of Cocaine and Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Count Five). (Doc. CR-13). On April 9, 2009, Smith entered a guilty plea, pursuant to a plea agreement, to being a Felon in Possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

On April 23, 2009, United States District Court Judge Elizabeth A. Kovachevich accepted Smith's guilty plea and adjudicated him guilty. The Presentence Investigation Report ("PSR") determined that Smith qualified for the enhanced penalty provisions of 18 U.S.C. § 924(e), commonly referred to as the "Armed Career Criminal Act" or "ACCA" (PSR ¶ 37), which requires that a defendant have three prior convictions for "violent felonies" or "serious drug offense." The United States Probation Office concluded that Smith had "several qualifying offenses of crimes of violence[.]" (PSR ¶ 37-38). Those prior convictions included a 1982 conviction for Escape, Dade County Case No. 82-16523 (PSR ¶ 45); a 1987 conviction for two counts of Burglary, Dade County Case No. 87-17167B (PSR ¶ 55); a 1991 conviction for Escape, Dade County Case No. 89-4700CFAWS (PSR ¶ 57); and a 1997 conviction for Burglary of an Occupied Dwelling, Dade County Case No. F97-27338 (PSR ¶ 62). The PSR thus calculated Smith's enhanced offense level at 32 (PSR ¶ 41). The PSR described Smith's extensive criminal history (PSR ¶ ¶ 42-72) and calculated a criminal history category of VI (PSR ¶ 75). His presumptive guideline range was 210-262 months' imprisonment (PSR ¶ 132).

At sentencing, Smith acknowledged the factual accuracy of the PSR. (Doc. CR-87

at 4-5). Smith's only objection to the PSR was to ¶ 61, a prior conviction for possession of cocaine, which he withdrew at sentencing. (Doc. CR-87 at 4-5.) After considering the 18 U.S.C. § 3553(a) factors, this Court sentenced Smith to 210 months' imprisonment. (Id. at 13, Doc. CR-79, Doc. CR-84). Smith did not appeal.

Subsequently, Smith filed a timely 28 U.S.C. §2255 motion.

## BACKGROUND

Smith argues that, pursuant to *Begay v. United States*, 553 U.S. 137 (2008), *Chambers v. United States*, 129, U.S. 687 (2009), and *Johnson v. United States*, 130 S. Ct. 1265 (2010), he is "actually innocent of the ACCA[.];" that his lawyer was ineffective for not arguing to the sentencing court that he was actually innocent because his prior offenses of Escape and Burglary of an Unoccupied Dwelling are no longer violent felonies; that his Fifth and Eighth Amendment rights were violated, and that the government failed to show that one of the burglaries used to qualify him for the ACCA was committed on different occasions from what was charged in the charging instrument.

## DISCUSSION

## COGNIZABILITY

Smith's claims, which are grounded in the Fifth Amendment (due process), the Sixth Amendment (ineffective assistance of counsel), and the Eighth Amendment (cruel and unusual punishment), are cognizable under 28 U.S.C. § 2255. *See, e.g., Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004). All of his claims are expressly premised on the idea that Smith is not an armed career criminal. As is discussion below, however, Smith has at least three qualifying predicate convictions and was properly sentenced as an armed career criminal.

## PROCEDURAL DEFAULT

Ordinarily, claims that previously were available yet not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622-24 (1998). A defendant must assert a claim at trial and on direct appeal or the claim will be subject to the procedural default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Murray v. Carrier*, 477 U.S. 478, 490-92 (1986). Smith did not argue either at sentencing or on direct appeal that any of his prior convictions failed to qualify as violent felonies for purposes of the ACCA. In fact, during the sentencing hearing, Smith's counsel advised this Court that there were no objections to the predicate offenses, that he had reviewed the predicate offenses with probation and Mr. Smith, and that "they appeared to be in order for the application of the minimum statutory penalty of 15 years." (Doc. CR-87 at 7). Accordingly, Smith has procedurally defaulted his current challenge to those convictions.

To overcome the procedural default, Smith must demonstrate cause for his failure to raise the claim earlier and actual prejudice resulting from the alleged error. *See United States v. Frady*, 456 U.S. 152, 170 (1982). The "cause and prejudice" standard requires Smith to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue earlier, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage, infecting his entire trial with error." *Frady*, 456 U.S. at 170 (emphasis in original). If Smith cannot show both cause for his procedural default and prejudice, this Court should not consider his challenge to his sentence unless he demonstrates "actual innocence." *See Bousley*, 523 U.S. at 620-24.

**1. Cause**

As cause to excuse his procedural default, Smith asserts that his attorney rendered ineffective assistance by failing to challenge the designation of his prior convictions as violent felonies. To show that he suffered constitutionally ineffective assistance of counsel, Smith must allege and prove that his counsel's deficient performance worked to his actual and substantial disadvantage. *Reece v. United States*, 119 F.3d 1462, 1465-68 (11th Cir. 1997). He must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

"Judicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy." *Id.* at 689 (internal citations omitted). To prove incompetence, "[a] petitioner must identify specific acts or omissions that were not the result of reasonable professional judgment, and a court should deem these acts or omissions deficient only if they 'were outside the wide range of professionally competent assistance.'" *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690). Because of the "strong presumption in favor of competence," a petitioner seeking to prove a Sixth Amendment violation "must establish that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1314-15 (11th Cir. 2000) (en banc).

In this case, Smith contends that his counsel was ineffective because he failed to assert the argument that the Supreme Court ultimately adopted in *Begay* and subsequent

cases. An attorney, however, is not constitutionally ineffective for failing to assert an argument that binding Circuit Court precedent foreclosed at that time. As Judge Carnes explained in his concurring opinion to the order denying rehearing en banc in *United States v. Ardley*, 273 F.3d 991, 993-94 (11th Cir. 2001):

> In this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel. *See, e.g., Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'"); . . . *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997) ('[i]t was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future to bar the admission of hypnotically induced testimony.")[;] *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986) ("defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law"). That rule applies even if the claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it. *See, e.g., Pitts*, 923 F.2d at 1572-74 (holding that even though a claim based upon the 1986 *Batson* decision was "reasonably available" to counsel at the time of the 1985 trial, failure to anticipate the *Batson* decision and raise that claim was not ineffective assistance of counsel).
>
> Further, the rule that it is not ineffective assistance for an attorney to fail to foresee a change in the law applies even when the change is such that the forfeited issue was, in hindsight, a sure fire winner.

Similarly, Smith's appellate counsel would not be constitutionally ineffective for failing to challenge Smith's prior convictions on direct appeal. An effective appellate attorney is not required to raise every non-frivolous issue. Indeed, it is an effective strategy to "winnow out" weaker arguments even though they may have some merit. *Smith,* 477 U.S. at 536 (1986); *Jones v. Burns*, 463 U.S. 745, 751 (1983). Here, Smith's counsel was not constitutionally ineffective for deciding against raising an argument then foreclosed by Circuit precedent on the off-chance that the law might change at some point in the future.

6

Consequently, Smith cannot establish "cause" for his failure to challenge the designation of his prior conviction as a violent felon in the district court or on direct appeal, and, therefore, he is procedurally barred from challenging his sentence on that ground in his 28 U.S.C. § 2255 proceeding.

**2. Prejudice**

Even if Smith could establish that his counsel's performance was constitutionally deficient, he still would have to "affirmatively prove prejudice" by showing that counsel's errors "actually had an adverse effect on the defense." *Strickland* 466 U.S. at 693. To make this showing, Smith has to demonstrate more than "some conceivable effect on the outcome of the proceeding." *Id.* Although he need not show that the outcome of his case would more likely than not have been different absent counsel's ineffectiveness, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

There was no prejudice here. This Court properly sentenced Smith as an armed career criminal because he is an armed career criminal. Counsel was not ineffective under *Strickland* for failing to object to or challenge on appeal Smith's designation as an armed career criminal because neither the Supreme Court's nor the Eleventh Circuit's subsequent decisions change the fact that Smith has at least three qualifying predicate convictions. Accordingly, Smith has established neither cause for his procedural default nor actual prejudice resulting from the alleged error.

## THE ARMED CAREER CRIMINAL CLAIMS

Under the Armed Career Criminal Act, a defendant convicted of violating 18 U.S.C.

§ 922(g) must be sentenced as an armed career criminal if he "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another. . . ." 18 U.S.C. § 924(e)(1). *Begay, Johnson* and *Chambers* notwithstanding, Smith has five qualifying predicate convictions - 1) Attempted Burglary of a Structure (78-17345); 2) Attempted Burglary of a Structure (82-30069); 3) Burglary of a Dwelling (82-26996-A); and 4) Burglary of a Dwelling (87-17167-B); 5) Burglary of an Occupied Dwelling (97-27338-A). See Attachments B-F, respectively. Consequently, this Court properly sentenced him as an armed career criminal.

Smith's "actual innocence" argument is premised on the idea that he did not commit the underlying violent felonies, in particular, two escapes and one burglary. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *cf. Johnson v. Singletary*, 938 F.2d 1166, 1184 (11th Cir. 1991) (en banc) (noting that "the Supreme Court has admonished courts to apply the test for 'actual innocence' in light of all probative evidence, including evidence that was admitted (or excluded) as a result of constitutional error") (emphasis omitted) (citing *Kuhlmann v. Wilson*, 477 U.S. 436, 454 n.17 (1986)). To date, Smith has neither contested nor denied committing the crimes detailed in the PSR.

**1. The violent felonies**

Smith's prior convictions for Attempted Burglary of a Structure, in violation of Fla. Stat. § 810.02 (case no. 778-17345), Attempted Burglary of a Structure, in violation of Fla. Stat. § 810.02 (case no. 82-30069), Burglary of a Structure, in violation of Fla. Stat. § 810.02 (case no. 82-26996-A), Burglary of a Dwelling, in violation of Fla. Stat. § 810.02 (case no. 87-17167-B), and Burglary of an Occupied Dwelling, in violation of Fla. Stat. §

8

810.02 (case no. 97-27338-A), all qualify as violent felonies under the ACCA. A "violent felony" is a crime punishable by imprisonment for a term in excess of one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause"]; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"]." 18 U.S.C. § 924(e)(2)(B). Under the residual clause, the offense must be "roughly similar, in kind as well as in degree of risk posed, to the examples" of offenses given, "typically involv[ing] purposeful, violent, and aggressive conduct." *Begay*, 552 U.S. at 142-43.

To determine if a prior crime is a violent felony, a district court must "begin with a categorical approach" that looks at the pertinent statute to determine how the crime ordinarily is committed. *United States v. Harris*, 586 F.3d 1283, 1288 (11th Cir. 2009), *cert. denied*, (131 S.Ct. 3018) (2011). If the statute allows the crime's commission in alternative ways, the court may consider any charging document and any comparable judicial document to determine the defendant's particular crime of conviction. *Shepard,* 544 U.S. at 26; *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1197 (11th Cir. 2007), cert. denied, 129 S. Ct. 902 (2009).

**a. the burglary convictions**

The Supreme Court held in Taylor v. United States, 495 U.S. 575 (1990) that "a person has been convicted of burglary for purposes of a 18 U.S.C. § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." "Regardless of its state law label, a burglary that includes those

9

elements is a 'generic burglary' and qualifies as a 'violent felony' for ACCA purposes." *United States v. Rainer*, 2010 WL 3397366 (C.A.11 (Ala.)).

Smith's prior burglary convictions, see PSR ¶ 38, are violent felonies under the ACCA. As previously stated, the ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that present a serious potential risk of physical injury to another. To determine if a crime constitutes a violent felony, courts must follow a categorical approach and look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). The "ACCA specifically provides that burglary and extortion are 'violent felon[ies],' § 924(e)(2)(B), (ii), and we have held that ACCA also reaches the crime of attempted burglary, *James v. United States*, 550 U.S. 192 (2007)."

Smith argues that the government failed to prove that the convictions in case number 87-17167-B (PSR ¶ 55) were committed on separate occasions. The PSR clearly states that the Information filed by the state regarding that conviction charged that the crime spree began on May 22, 1987, and continued through May 30, 1987, demonstrating that the crimes were committed on different days, but were charged in one document. Even if this conviction was not used for purposes of the ACCA, Smith would still have the requisite number of convictions to qualify as an armed career criminal.

Smith has five prior violent felony convictions and the ACCA only requires that he have three in order to be sentenced as an armed career criminal. 18 U.S.C. § 924(e).

**b. the escapes**

Walkaway escape does not involve the kind of violent and aggressive conduct

*Begay* and *Chambers* found necessary to meet the similar-in-kind requirement of the residual clause. Therefore, the government concedes, that Smith's escape charge (PSR ¶ 45) no longer qualifies as a crime of violence. However, if Smith were to be resentenced today and the escape conviction (case no. 82-16523) were eliminated as a crime of violence within which to qualify him as an armed career criminal, Smith would still qualify based on five burglaries and/or attempted burglaries.

Smith also argues that his conviction for escape (case no. 89-47000CFAWS) no longer qualifies as a crime of violence. The PSR at paragraph 57, describes this escape as, "On July 3, 1989, the defendant was an inmate with the Florida Department of Corrections located in Volusia County, Florida. He was assigned a work detail outside of the prison in Barberville, Florida, when he left the area undetected by the guards in an attempt to escape." Because of the presence of the guards, a violent situation could have presented itself had Smith been detected in his attempt to flee."

Even if this escape is not a crime of violence, the escape has no effect on the present case because, even if neither escape were to count toward qualification as an armed career criminal, Smith still possesses the requisite three violent felonies and was properly sentenced as an armed career criminal.

Accordingly, the Court orders:

That Smith's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an illegal sentence (Doc. CV-28) is denied. The Clerk is directed to enter judgment for the Government and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 23, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA: Stacie B. Harris
Anthony Smith